# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| HUNT REFINING COMPANY,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency,<br><br>                Defendant. | Civil Action No. _____ |

## COMPLAINT

Plaintiff Hunt Refining Company ("Hunt"), for its Complaint against Defendant Michael S. Regan in his official capacity as the Administrator of the United States Environmental Protection Agency ("Administrator"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. The Administrator has failed to perform a non-discretionary duty to act on Hunt's petition for a small refinery hardship exemption under the Clean Air Act ("CAA") within the timeframe mandated by 42 U.S.C. § 7545(o)(9)(B)(iii).

2. Although more than 60 days have passed since Hunt provided the Administrator with notice of its intent to initiate this lawsuit, the Administrator still has not acted on Hunt's pending hardship petition. *See* 42 U.S.C. § 7604(b)(2).

3. Hunt seeks a declaration that the Administrator is in violation of the CAA, an order compelling the Administrator to decide Hunt's hardship petition by an expeditious date certain, and Hunt's fees and costs for this action.

## PARTIES

4. Plaintiff Hunt Refining Company owns a petroleum refinery in Tuscaloosa, Alabama.

5. Hunt is a "person" within the meaning of 42 U.S.C. § 7602(e).

6. Defendant Michael S. Regan is the Administrator of the United States Environmental Protection Agency ("EPA"). The Administrator is responsible for implementing the CAA, including the requirement to act on petitions for small refinery hardship exemptions within 90 days of receipt. Administrator Regan is sued in his official capacity.

## JURISDICTION

7. This action arises under the Clean Air Act, 42 U.S.C. § 7545(o). This Court has jurisdiction over Hunt's claims pursuant to 42 U.S.C. § 7604(a) and 28 U.S.C. §§ 1331 (federal question) and 1361 (mandamus). This Court also has authority to order declaratory and injunctive relief pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1361, 2201, and 2202, and to award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 7604(d).

8. By letter dated January 27, 2023, Hunt provided the Administrator with written notice of Hunt's claim and its intent to bring suit to remedy this CAA violation pursuant to 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2–54.3. A true and correct copy of this notice is attached as Exhibit A.

9. The Administrator was provided with Hunt's notice of intent to sue on January 27, 2023, by certified mail and email. A true and correct copy of the email sent to the Administrator on January 27, 2023, is attached as Exhibit B.

## VENUE

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(1). The Administrator is an officer or employee of the United States or an agency thereof and is sued in his official capacity. Hunt resides in this judicial district, and no real property is involved in this action.

## FACTS

11. The CAA requires that transportation fuel sold or introduced into commerce in the United States contain specified volumes of renewable fuel. The EPA and the Administrator set the volumes and oversee this requirement through their administration of the Renewable Fuel Standard ("RFS") program. *See* 42 U.S.C. § 7545(o).

12. As a petroleum refiner, Hunt is subject to the RFS requirements under the CAA. *See* 42 U.S.C. § 7545(o)(2)(A)(iii)(I), (3)(B)(ii)(I).

13. Hunt is a "small refinery" under the CAA, because its average daily aggregate crude oil throughput does not exceed 75,000 barrels. *See* 42 U.S.C. § 7545(o)(1)(K).

14. The CAA allows small refineries to petition "at any time" for a hardship exemption from annual RFS compliance, and EPA must grant that relief if the small refinery demonstrates it will suffer disproportionate economic hardship. 42 U.S.C. § 7545(o)(9).

15. The CAA imposes a mandatory deadline for the Administrator to decide petitions for small refinery hardship relief: "The Administrator shall act on any petition submitted by a small refinery for a hardship exemption not later than 90 days after the receipt of the petition." 42 U.S.C. § 7545(o)(9)(B)(iii).

16. Relevant to this lawsuit, Hunt submitted a petition for a small refinery hardship exemption from RFS compliance for 2022. In its petition, Hunt documented the reasons why RFS compliance for the year 2022 would cause disproportionate economic hardship.

17. EPA received Hunt's 2022 small refinery hardship petition on October 14, 2022.

18. The Administrator has a non-discretionary duty under the CAA to act on Hunt's petition within 90 days after receipt. 42 U.S.C. § 7545(o)(9)(B)(iii). The Administrator failed to perform this non-discretionary duty when he did not act on Hunt's petition by January 12, 2023.

19. On January 27, 2023, Hunt gave written notice of its intent to sue the Administrator in accordance with 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2–54.3. In the notice, Hunt "urge[d] the Administrator to issue the 2022 hardship decision as soon as possible, so it will be unnecessary to file suit."

20. More than 60 days have passed since Hunt gave the Administrator written notice of its intent to sue. *See* 42 U.S.C. § 7604(b)(2).

21. The Administrator still has not acted on Hunt's 2022 small refinery hardship petition.

22. The Administrator's disregard for the 90-day statutory deadline to act on Hunt's hardship petition is unfortunately not unique. In a recent report, the United States Government Accountability Office ("GAO") found that EPA resolved small refinery hardship petitions for the 2019 compliance year "on average, more than 700 days" after receiving them, or 610 days after the statutory deadline.[1]

---

[1] GAO, Renewable Fuel Standard: Actions Needed to Improve Decision-Making in the Small Refinery Exemption Program, GAO-23-104273, at 48 (Nov. 3, 2022), https://www.gao.gov/products/gao-23-104273.

23. Hunt consistently received small refinery hardship exemptions every year since the inception of the RFS program. In April 2022, however, EPA retroactively reversed and denied all 31 of the exemptions that the Administrator had previously granted to small refineries for the 2018 compliance year, including Hunt's 2018 exemption. EPA had initially granted those exemptions more than two-and-a-half years earlier in August 2019. Then, in June 2022, EPA denied Hunt's hardship petitions for the 2019, 2020 and 2021 compliance years, which had been pending before the Administrator for 954, 745, and 318 days, respectively.

24. Hunt petitioned for review of EPA's denials of its 2018–2021 hardship petitions to the United States Court of Appeals for the Eleventh Circuit. On December 27, 2022, the Eleventh Circuit granted a stay of Hunt's RFS compliance obligations pending review. Order, *Hunt Refining Company v. EPA*, No. 22-12535 (and consolidated cases), Doc. 33 (11th Cir. Dec. 27, 2022).

25. Hunt's interests have been, are being, and will continue to be, damaged by the Administrator's failure to comply with the statutory deadline to act on its pending 2022 small refinery hardship petition. The Administrator's failure to act further deprives Hunt of procedural rights and protections to which it is entitled.

26. The relief requested herein would redress these injuries.

## CLAIM FOR RELIEF

27. Hunt realleges and incorporates by reference paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

28. The Administrator has a non-discretionary duty to decide Hunt's 2022 petition for small refinery hardship relief within 90 days after receipt. *See* 42 U.S.C. § 7545(o)(9)(B)(iii).

29. The CAA allows any person to bring suit to compel the Administrator to perform a non-discretionary duty. *See* 42 U.S.C. § 7604(a).

30. It has been more than 90 days since the Administrator received Hunt's 2022 small refinery hardship petition, and the Administrator has not acted on the petition.

31. It has been more than 60 days since Hunt gave written notice to the Administrator of its intent to initiate this lawsuit. Thus, Hunt satisfied the CAA's notice requirement before commencing this action. *See* 42 U.S.C. § 7604(b)(2).

32. The Administrator's failure to act has violated, and continues to violate, the CAA and constitutes a "failure of the Administrator to perform any act or duty . . . which is not discretionary with the Administrator," 42 U.S.C. § 7604(a)(2).

33. The Administrator's violation is ongoing and will continue unless remedied by the Court.

## REQUEST FOR RELIEF

WHEREFORE, Hunt requests that this Court enter judgment against the Administrator providing the following relief:

A. A declaration that the Administrator has violated the CAA by failing to grant or deny Hunt's 2022 petition for small refinery hardship relief within 90 days after receipt; and

B. An order compelling the Administrator to perform his non-discretionary duty to decide Hunt's 2022 small refinery hardship petition by an expeditious date certain; and

C. An order retaining jurisdiction over this matter until such time as the Administrator complies with his non-discretionary duty under the CAA; and

D. An order awarding Hunt its costs of litigation, including reasonable attorneys' fees, under 42 U.S.C. § 7604(d); and

E. All other and further relief as the Court deems just and equitable.

Dated:  April 18, 2023

Respectfully submitted:

By:  *s/Richard H. Monk III*
Richard H. Monk III
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
Telephone: (205) 521-8000
rmonk@bradley.com

Jonathan G. Hardin
Michael R. Huston
PERKINS COIE LLP
700 13th Street, NW, Suite 800
Washington, DC 20005
Telephone: (202) 654-6297
JHardin@perkinscoie.com
MHuston@perkinscoie.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed with the Clerk on April 18, 2023, and will be served via Certified Mail on the following parties:

CORRESPONDENCE CONTROL UNIT
Office of General Counsel (2311)
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Hon. Prim F. Escalona
United States Attorney's Office
Birmingham Main Office
1801 4th Avenue North
Birmingham, Alabama 35203
Northern District of Alabama

HON. MICHAEL REGAN, Administrator
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

HON. TODD SUNHWAE KIM, Assistant
Attorney General
Environmental and Natural Resources
Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

HON. MERRICK GARLAND
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

                                                        *s/Richard H. Monk III*
                                                        OF COUNSEL